· FRANK H. DRUMMOND *vs.* WALTER W. WITHEE.

Penobscot.   Opinion December 30, 1916.

*Declarations in actions of trespass quare clausum. Plea when abuttals, lines or monuments of close are not set out in plaintiff's declaration. Effect of plea of general issue to such declaration. Necessary plea if defendant desires accurate description of close.*

Action of trespass for breaking and entering the plaintiff's close "situate in Bangor." There was no other description of the close. The defendant filed a general demurrer, and the case is here on the plaintiff's exceptions to the order of the presiding Justice sustaining the demurrer.
*Held;*

1. It is not necessary, in such cases, for the plaintiff to describe his close. If the defendant has occasion for a description he can have it upon filing the proper plea. If he omits to do so, it is presumed that he consents that the plaintiff may prove the act to have been done upon any land in his possession within the limits of the town named in the writ.

2. The defendant having failed to file a proper plea, and in the absence of a statute requiring particular description of the close, the declaration is adjudged sufficient.

Action of trespass quare clausum. In plaintiff's writ, no abuttals or lines were given describing the close upon which plaintiff claimed defendant had committed trespass, but the close was described simply as "situated in Bangor." Defendant filed a general demurrer, upon which issue was joined, and the presiding Justice sustained the demurrer pro forma. To the ruling of the presiding Justice sustaining the demurrer, the plaintiff filed exceptions. Exceptions sustained.

Case stated in opinion.

*Morse & Cook,* for plaintiff.

*H. L. Mitchell,* for defendant.

SITTING: SAVAGE, C. J., KING, HANSON, PHILBROOK, MADIGAN, JJ.

HANSON, J. Action of trespass for breaking and entering the plaintiff's close "situate in Bangor." There was no other description of the close. The defendant filed a general demurrer, and the case is here on the plaintiff's exceptions to the order of the presiding Justice sustaining the demurrer.

We think the exceptions should be sustained.

The defendant contends "that the writ is defective because it does not describe the close, and does not give the defendant notice of the plaintiff's claim," and cites *Moody* v. *Hinkley,* 34 Maine, 200, as sustaining his contention. In that case the declaration alleged that "the defendant's cattle broke into the plaintiff's close, and destroyed his growing crops," but did not describe the close or specify any venue, and the court held that "a declaration charging trespass upon the plaintiff's close is bad, *on general demurrer,* if it do not describe the close or allege the venue;" but that is not this case. On the contrary, *Moody* v. *Hinkley* is in harmony with cases sustaining the doctrine since earliest times, that while such form of pleading was not to be commended, it was not bad, where the venue was alleged as in this case. The better pleading, and the one most to be commended, is where particular description is given of the close on which trespass is alleged to have been committed. That is the shortest road to the merits of a case. The other course leads back to the field of special pleading, long since abandoned, in theory at least, while present day necessities require the more direct and plain statement characterizing modern pleading. It was the ancient rule, in trespass quare clausum fregit, "that where the declaration is general, without giving the name or abuttals of the close, and the defendant pleads that the close is his soil and free hold, the defendant, unless there be a new assignment, must have a verdict in his favor if he proves a title to any land in the same township." *Ellet* v. *Pullen,* 12 N. J. Law, 359. Another way of stating the rule as adopted by a leading authority is this: "When trespass was brought for breaking and entering a dwelling house of the plaintiff" in the parish of ............ in the county of ............, the ancient rule was that a misdescription in the situation of the house would be fatal and preclude the plaintiff from recovering; but it was also the rule "that if there be any

doubt as to the situation of the premises, merely state them to be situate in the county of ..............." Chitty on Pleading, Vol. 2, p. 863. And the author adds: "It is in general advisable to set out the abuttals or names of the closes, when they can be ascertained with certainty," and one of the chief reasons assigned is avoidance of the necessity for a new assignment in case the defendant should plead liberum tenementum.

Our conclusion is supported by a leading Michigan case, where it is held, "When an action is brought for trespass upon lands in a certain township, if the plaintiff declares generally without giving a particular description of the lands, and the defendant pleads title in himself, he will make out a defense by proof of ownership in himself of any parcel of land in the township mentioned in the declaration. . . . It was always at the option of the plaintiff whether he would declare generally, or set forth a particular description of the premises. If he did the former, and the defendant interposed the general issue only, the latter was always liable to be surprised by proof of a different transaction from what he supposed was complained of, since proof of an entry on any parcel of land in the township, in the plaintiff's possession, would be within the declaration. One object of the plea liberum tenementum in such a case was to compel the plaintiff by giving a specific description of the land, to confine his cause of complaint, and consequently his proofs, to a specified parcel."

*McFarlane* v. *Ray,* 14 Michigan, 465; Waits Actions and Defences, Vol. 6, p. 90.

A case directly in point, and identical in pleading, is found in *Noyes* v. *Colby,* 10 N. H. (Foster) 143, which was an action of trespass for breaking and entering the close of the plaintiff, situated in "Franklin." The close was not described by boundaries or abuttals, but was called merely the plaintiff's close in Franklin. The court held that "the declaration was well. It is not necessary, in such cases, for the plaintiff to describe his close. If the defendant has occasion for a description, he can have it upon filing the proper plea. If he omits to do so, it is presumed that he consents that the plaintiff may prove the act to have been done upon any

land in his possession within the limits of the town named in the writ."

The defendant having failed to file a proper plea, and in the absence of a statute requiring particular description of the close, the declaration is adjudged sufficient.

The entry will be,

*Exceptions sustained.*